Douglas J Bolsover (SBN: 325911)
BOLSOVER LAW
5325 Elkhorn Blvd. #568
Sacramento, CA 95842
T: (916) 402-5758
E: douglas.bolsover@dougbolsoverlaw.com

Attorney for Plaintiff:
Brice Anthony Bolsover

# UNITED STATES DISTRICT COURT

# IN THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRICE ANTHONY BOLSOVER, <br> Plaintiff, <br><br> vs. <br><br> AAA CREDIT SERVICES COLLECTION AGENCY, INC., <br><br> AND <br><br> LAW OFFICES OF MARC D. WASSERMAN, INC., <br><br> AND <br><br> DOES 1-10, inclusive. <br><br> Defendants. | Case No.: <br><br> **COMPLAINT AND DEMAND FOR JURY TRIAL FOR VIOLATIONS OF:** <br><br> 1. Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq.; and <br> 2. Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §1788 et seq.; |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Brice Anthony Bolsover ("Plaintiff" or "Mr. Bolsover"), by and through his attorney, alleges the following against AAA Credit Services Collection Agency, Inc. ("AAA Credit," "Defendant"), Law Offices of Marc D. Wasserman, Inc. ("Mr. Wasserman," "Defendant"), and Does 1-10:

## INTRODUCTION

Count I of Plaintiff's complaint is based upon the Fair Debt Collection Practices Act

("FDCPA"), 15 U.S.C. §1692 *et seq.,* which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices in connection with the collection of consumer debts.

Count II of Plaintiff's complaint is based on the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), Cal. Civ. Code §1788 *et seq.*, which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices in connection with the collection of consumer debts.

## JURISDICTION AND VENUE

1. Jurisdiction of this court arises under 28 U.S.C. 1331.

2. Supplemental Jurisdiction of this court arises under 28 U.S.C. §1367 because the state law claims are so related to the claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the U.S. Constitution.

3. Venue is proper pursuant to 28 U.S.C. §1391(b)(2) in that a substantial part of the events or omissions giving rise to this claim occurred in this District. Because Defendants transact business here, personal jurisdiction is established.

## PARTIES

4. Plaintiff is a natural person residing in California.

5. Plaintiff is a consumer as defined under 15 U.S.C. §1692a(3).

6. Plaintiff is a "debtor" as defined by Cal. Civ. Code §1788.2(h).

7. Defendant AAA Credit is a "debt collector" as defined by Cal. Civ. Code §1788.2(c) and 15 U.S.C. §1692a(6).

8. Defendant Mr. Wasserman is a "debt collector" as defined by 15 U.S.C. §1692a(6).

9. Defendants are attempting to collect on a "debt" as defined by 15 U.S.C. §1692a(5) and a "consumer debt" as defined by Cal. Civ. Code §1788.2(f).

10. Defendant AAA Credit Service Collection Agency, Inc. is a debt collector with its principal place of business headquartered in Anaheim, CA. Defendant can be served through its agent for service of process, Marc D. Wasserman, 12362 Beach Blvd. #15, Stanton, CA 90680.

11. Defendant Law Offices of Marc D. Wasserman, Inc. is a debt collector with its principal place of business headquartered in Stanton, CA. Defendant can be served through its agent for service of

process, Marc. D. Wasserman, 12362 Beach Blvd. Ste 15, Stanton, CA 90680.

12. Defendants acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

### FACTUAL ALLEGATIONS

13. Defendants are attempting to collect an alleged debt from Plaintiff.

14. The alleged debt is a "debt" as defined under 15 U.S.C. §1692a(5) as it is an obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which were the subject of the transaction were primarily for personal, family, or household purposes.

15. In or around October 2020, in an attempt to collect on an alleged consumer account, Defendant AAA Credit began contacting Plaintiff on his cellular phone number ending in 4767.

16. Representative did not identify himself as a debt collector.

17. On or about October 23, 2020, Plaintiff answered a call from AAA Credit on his cellular phone.

18. At no time during events described in this complaint was the subject matter of the alleged "debt," a 1998 Honda Accord, owned by, nor in the custody or control of Plaintiff.

19. Plaintiff informed the representative that the debt was not his and that the car did not belong to him. Representative said, "that doesn't matter."

20. In addition, Plaintiff informed the representative that he was not able, nor willing, to make any kind of payment on a debt that he did not owe.

21. Further, Plaintiff informed the representative that he had been unemployed and/or reduced to part-time employment due to COVID-19 since approximately April of 2020.

22. Defendant AAA Credit representative told Plaintiff that he had to pay the debt or it will be reported and will ruin his credit score. Representative offered that Plaintiff pay $900 now or $134 per month for ten months. Plaintiff informed representative that he has been working on rebuilding his credit score. Representative said to sign the Payment Agreement now, or it will be sent to collections.

23. Representative then told Plaintiff he could go bankrupt and if he would hurry up and sign

now, you would not report to the credit reporting agencies.

24. Plaintiff requested that Defendant AAA Credit representative cease any further telephone contact.

25. Between October 5 and October 23, 2020, Defendant representative sent a series of emails demanding payment. An offer to settle, a guarantee not to report if paid, a payment application, and a notice of missing promissory note information. Representative demanded Plaintiff's electronic signature on a Payment Agreement. The Agreement purported a debt of $1,360.61 payable in monthly payments of $136. The reverse side of the Agreement includes request for SSN, work and home address, work and home phone numbers, supervisor information, wage and salary information, bank account numbers, credit card number, and references. Plaintiff refused to sign as the information would not have been "freely submitted for purposes of obtaining approval for a payment plan to be administered by AAA Credit Services Collection Agency, Inc." **(Exhibit A)**

26. On or about November 22, 2020, Plaintiff received a letter from Defendant Mr. Wasserman dated November 20, 2022. This communication was a demand for payment and identified the Defendant Law Offices of Marc D. Wasserman, Inc. as representing Defendant AAA Credit. **(Exhibit B)**

27. Further, this letter noticed of possible legal action pursuant to California Code Civ. Proc. §1033(B) and purported "verification" of the debt.

28. On or about November 22, 2020, Plaintiff sent a Dispute Debt Obligation letter to AAA Credit at Mr. Wasserman's address via US Postal Service Certified Mail Return Receipt notifying Defendants that Plaintiff is not responsible for the alleged debt, the fact he is represented by counsel, and that the alleged debt is disputed. Additionally, Plaintiff requested all communications be in writing and through counsel. **(Exhibit C)**

29. On or about December 3, 2020, Plaintiff received two additional communications from Defendant AAA Credit. First was a letter providing "verification of the backup received by our client." The second letter was an additional copy of the AAA Credit Service "Payment Agreement."

30. These letters are dated December 1, 2020, <u>four days</u> after Defendant Mr. Wasserman received

notice that Plaintiff had retained counsel and <u>eleven days</u> after Defendant had noticed Plaintiff that he had been retained by Defendant AAA Credit.

31. Defendants AAA Credit and Marc Wasserman have both threatened legal action since late October or early November of 2020. Yet as of the date of filing, no suits have been filed.

32. Defendants AAA Credit and Marc Wasserman have sent three different dunning letters containing three different amounts allegedly owed. None of these letters match the "verification" provided by Defendants. Defendant AAA Credit's letter of October 23, 2020 indicates the amount as <u>$1,360.61</u>. The December 1, 2020 letter by Defendant AAA Credit claims an amount owed of <u>$1,382.91</u> with an attached verification by DELUXE TOWING dated August 24, 2020 for <u>$1,338.30</u>. Defendant Marc Wasserman's letter of November 20, 2020 indicates an amount owed as <u>$1,371.76</u>. **(Exhibit D)**

33. Defendants conduct was done willfully and knowingly.

34. Defendants are aware the Honda is not Plaintiff's.

35. Defendants were aware that Plaintiff was unable to make a payment due to being unemployed due to Covid-19 yet continued to threaten Plaintiff and falsely represent the character of the debt.

36. Defendant AAA Credit calls were done with the purpose of harassing the Plaintiff into making payments.

37. Defendant AAA Credit calls caused his cell phone to ring at work and at home to annoy, abuse, or harass Plaintiff and to induce him into making payment.

38. Defendant's conduct was not only willful but done with the intention of causing Plaintiff such distress, so as to induce him to pay the debt.

39. Defendant's conduct was done so as to harass Plaintiff and cause him great annoyance.

40. Defendant's subjected Plaintiff to oppression.

41. Due to Defendant's actions, Plaintiff has suffered from emotional and mental pain and anguish, including but not limited to stress, anxiety, headaches, sleepless nights, embarrassment, humiliation, and the daily fear that the Defendants may initiate legal proceedings on a debt which the Plaintiff does not owe which would cause the Plaintiff to suffer immediate economic harm. In

addition to the non-economic damages the Plaintiff continues to suffer as a direct result of the Defendants' actions, the Plaintiff has suffered the immediate economic harm for the cost of sending letters and of having to retain counsel to defend himself from Defendants' attempts to collect a debt which isn't his.

## COUNT 1: AGAINST BOTH DEFENDANTS
### (Violations of the FDCPA, 15 U.S.C. §1692 *et seq.*)

42. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

43. As stated above and demonstrated by the attached exhibits, the Defendants violated the FDCPA. Defendants' violations include, but are not limited to the following:

   a. Engaging in false, deceptive, or misleading representation with the collection of a debt. §1692e.
   b. Engaging in any conduct the natural consequence of is to harass, oppress, or abuse the hearer or the reader in connection with the collection of a debt. §1692d(2).
   c. Threatening to take any action that is not intended to be taken. §1692e(5).
   d. Failure to communicate that a disputed debt is disputed. §1692e(8).
   e. Using deceptive means to collect a debt. §1692e(10).
   f. Using unfair or unconscionable means to attempt to collect any debt. §1962f(2)(A).
   g. Engaging in deceptive and misleading representations with the collection of any debt. §1962e(14).
   h. Causing a phone to ring or engaging a person in telephone conversation repeatedly or continuously with the intent to annoy, abuse, or harass. §1692d(5).

44. The FDCPA provides a consumer with a private right of action against a debt collector for both actual and statutory damages and allows the consumer to recover his reasonable attorneys' fees and costs. §1692k(a).

## COUNT II: AGAINST BOTH DEFENDANTS
### (Violations of Cal. Civ. Code §1788 et seq.)

45. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

46. As stated above and demonstrated by the attached exhibits, the Defendants violated the RFDCPA. Defendants' violations include, but are not limited to, the following:

   a. Defendants violated Cal. Civ. Code §1788.11(d) by causing a telephone to ring repeatedly or continuously to annoy the person called.
   b. Defendants violated Cal. Civ. Code §1788.11(e) by communicating by telephone with such frequency as to constitute a harassment to the debtor under the circumstances.
   c. Defendants violated Cal. Civ. Code §1788.13(f) by falsely representing that a debt is about to be referred to a consumer reporting agency.
   d. Defendants violated Cal. Civ. Code §1788.13(j) by falsely representing that a legal proceeding has been, is about to be, or will be instituted unless payment of a consumer debt is made.
   e. Defendants violated Cal. Civ. Code §1788.17 by collecting or attempting to collect a consumer debt without complying with the provisions of Sections 1692b to 1692j, inclusive, of Title 15 of the United States Code (Fair Debt Collection Practices Act).
      i. Defendants violated Cal. Civ. Code 1788.17 by violating U.S.C. §1692e by engaging in false, deceptive, or misleading representation with the collection of a debt.
      ii. Defendants violated Cal. Civ. Code 1788.17 by violating U.S.C. §1692d(2) by engaging in any conduct the natural consequence of is to harass, oppress, or abuse the hearer or the reader in connection with the collection of a debt.
      iii. Defendants violated Cal. Civ. Code 1788.17 by violating §1692e(5) by threatening to take any action that is not intended to be taken.
      iv. Defendants violated Cal. Civ. Code 1788.17 by violating U.S.C. §1692e(8) by failure to communicate that a disputed debt is disputed.
      v. Defendants violated Cal. Civ. Code 1788.17 by violating U.S.C. §1692e(10)

by using deceptive means to collect a debt.

    vi. Defendants violated Cal. Civ. Code 1788.17 by violating U.S.C. §1692f(2)(A) by using unfair or unconscionable means to attempt to collect any debt.

    vii. Defendants violated Cal. Civ. Code 1788.17 by violating U.S.C. §1692e(14) by engaging in deceptive and misleading representations with the collection of any debt.

    viii. Defendants violated Cal. Civ. Code 1788.17 by violating U.S.C. §1692d(5) by causing a phone to ring or engaging a person in telephone conversation repeatedly or continuously with the intent to annoy, abuse, or harass.

47. Defendants' acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

48. Defendant's were aware of Plaintiff's financial issues and that he could not make a payment, that the debt was not his, and that the debt was disputed. Despite this, Defendants continued to contact Plaintiff in an attempt to harass and coerce him to pay the debt.

49. As a result of the foregoing violations of the RFDCPA, Defendants are liable to Plaintiff for actual damages, statutory damages, and attorney's fees and costs.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff Brice Anthony Bolsover, respectfully requests judgment be entered against Defendant AAA Credit Services Collection Agency, Inc. and Defendant Law Offices of Marc D. Wasserman, Inc. for the following:

A. Declaratory judgment that Defendants violated the FDCPA and RFDCPA;

B. For an award of statutory damages against the Defendants pursuant to 15 U.S.C. §1692k(a)(1), (2)(A) and Cal. Civ. Code §1788.30.(b) for the allegations contained in Counts One and Two;

C. For an award of actual damages in the amount of at least $6.95 and in a to be determined at trial against Defendants pursuant to 15 U.S.C. §1692k(a)(1), (2)(A) and Cal. Civ. Code §1788.30 for the allegations contained in Counts One and Two;

D. For an award of Plaintiff's reasonable attorneys' fees and costs pursuant to 15 U.S.C. §1692k(a)(3) and Cal. Civ. Code §1788.30(c) against the Defendants related to the prosecution of this action, as applicable, jointly and severally for the allegations contained in Counts One and Two;

E. For an award to the Plaintiff for any pre-judgment and post-judgment interest as may be allowed under the law against the Defendants; and

F. For any other relief that this honorable Court deems appropriate.

## **DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by a jury.

Respectfully submitted this 10th day of February 2021.

/s/ Douglas J. Bolsover, Esq.
_____
Douglas J. Bolsover (SBN: 325911)
Bolsover Law
5325 Elkhorn Blvd. #568
Sacramento, CA 95842
T: (916) 402-5758
E: douglas.bolsover@dougbolsoverlaw.com
*Attorney for Plaintiff: Brice Anthony Bolsover*